UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IRVIN L. BRANDON, | ) | CASE NO.  1: 09 CV 857 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OF OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

This is an action for judicial review of the final administrative decision of the

Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income

("SSI") under Title II of the Social Security Act, 42 U.S.C. § 1381 *et seq*.  Pursuant to Local

Rule 72.2(b), this matter was referred to Magistrate Judge Greg White for the preparation of a

Report and Recommendation (R&R).  Magistrate Judge White submitted his R&R,

recommending that the decision of the Commissioner be affirmed.  Now before the Court are

Plaintiff's objections to the R&R, to which the Commissioner has responded.  For the reasons

stated below, the R&R is ACCEPTED.

### I.  Standard of Review

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to

which specific objections are made.  28 U.S.C. § 636(b)(1).  However, in social security cases,

judicial review of a decision by the Commissioner is limited to determining whether the decision

is supported by substantial evidence based upon the record as a whole.  *Longworth v. Comm'r of*

*Soc. Sec*., 402 F.3d 591, 595 (6th Cir. 2005).  The substantial evidence standard is met if "a

reasonable mind might accept the relevant evidence as adequate to support a conclusion."

*Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6ᵗʰ Cir. 2004).  If substantial evidence

supports the Commissioner's decision, the court will defer to that finding "even if there is

substantial evidence in the record that would have supported an opposite conclusion."  *Id*.

### III.  Analysis

The Magistrate Judge's R&R fully and accurately sets forth the background history and

facts of the case and the proper legal standards to be applied.  The R&R is adopted as to those

matters.

Plaintiff makes three objections to the R&R.

First, Plaintiff objects to the finding of the Magistrate Judge that the ALJ gave proper

weight and consideration to the medical opinion of Dr. Melvin Chavinson, the supervising

psychiatrist at the mental health facility where Plaintiff received treatment.  The ALJ discussed

Dr. Chavinson's opinion as follows:

> The record also contains a check-off form Assessment of Ability to do Work-
> Related Activities (Mental), signed by Melvin Chavinson, M.D., the supervising
> psychiatrist at Pathways, at the request of claimant's attorney on August 8, 2008.
> (Exhibit 12F).  Dr. Chavinson checked off marked or extreme limitations in each
> and every item except for one, and checked off that the claimant would miss work
> on average more than three times per month.  Dr. Chavinson did not write any
> narrative support for his ratings.  Dr. Chavinson's ratings are not consistent with
> or supported by the actual treatment notes from Pathways, for the reasons stated
> in the preceding paragraph.  At an interview in April 2006 the claimant was
> believed to be "moderately ill" and rated a GAF of 60.  In August 2007 the
> claimant was again considered "moderately ill."  As of July 2008 he was still
> considered "moderately ill" (Ex. 8F, pp. 15, 16, 10; 14F).  I resolve the
> inconsistency by giving greater weight to the actual treatment notes, since they
> were prepared in the course of treatment and for the actual purpose of treatment,
> so they are inherently more reliable.  In addition, I note the form queries, "has the
> patient severity of limitations existed since at least 10/01/05?" and that in
> response, Dr. Chavinson checked "Yes."  However, Dr. Chavinson was not
> treating the claimant as of October 1, 2005, and treatment at Pathways did not

> begin until more than 6 months later.  Either Dr. Chavinson did not take the time
> to check when treatment actually began, or else he was willing to speculate
> without any basis of personal knowledge.  In either event, this casual approach to
> evidence while completing the form also calls into question the reliability of Dr.
> Chavinson's ratings on the form.

(R&R at 13.)

The Magistrate Judge found the ALJ's decision to give little weight to Dr. Chavinson's opinion supported by substantial evidence because Chavinson's opinion "was not consistent with the other substantial evidence in the record."  The Magistrate Judge found that "it was not improper for the ALJ to discount Dr. Chavinson's opinion where it contained no explanation for the severity of his findings or any reference to Brandon's course of treatment."  Further, the Magistrate Judge noted Plaintiff's evidence did not show that Dr. Chavinson personally treated Plaintiff.

Plaintiff contends the Magistrate Judge supplied an improper *post hoc* rationale for the ALJ's decision.  The Court disagrees.  The rationale of the ALJ, as set out above, was considered by the Magistrate Judge and indicates that the ALJ discounted Dr. Chavinson's opinion because Dr. Chavinson "did not write any narrative support for his ratings"; his ratings were "not consistent with or supported by the actual treatment notes from Pathways"; and Chavinson's responses on the assessment form indicated a "casual approach to evidence."  These reasons by the ALJ for discounting Dr. Chavinson's opinion are good reasons, are supported by substantial evidence and were considered by the Magistrate Judge.  Plaintiff's objection that the Magistrate Judge supplied an improper *post hoc* rationale for the ALJ's decision lacks merit.  The ALJ properly considered Dr. Chavinson's opinion.

Next, Plaintiff objects to the Magistrate Judge's finding that the ALJ gave proper weight

to the medical opinion of consultative examiner, Dr. Paul Josell.  As noted in the R&R, Dr.

Josell concluded that Plaintiff was:  moderately impaired in his ability to relate to others; not

impaired in his ability to understand and follow directions; moderately impaired in his mental

ability to  maintain attention, concentration, persistence, and pace and to perform routine tasks;

and moderately impaired in his ability to withstand the stress and pressures associated with day-

to-day work activity.

The ALJ gave weight to Dr. Josell's opinion and placed restrictions on the type of jobs

Plaintiff could perform by limiting Plaintiff "non-exertionally, to simple routine tasks with no

interaction with the general public and superficial interaction with co-workers and supervisors."

Plaintiff contends the ALJ's restrictions were insufficient to address the limitations

identified by Dr. Josell.  Plaintiff relies on a single sentence in Dr. Josell's report written after

Dr. Josell concluded that Plaintiff was "moderately impaired" in his ability to withstand the

stress and pressures associated with day-to-day work activity.  Dr. Josell wrote:  "[Plaintiff's]

depressive and anxious symptoms would interfere with his ability to consistently and effectively

perform a job at this time."  Dr. Josell then wrote:  "He is trying to get more stabilized so that he

may be able to complete his G.E.D. and then approach employment."

Plaintiff contends the statement that Plaintiff's "depressive and anxious symptoms would

interfere with his ability to consistently and effectively perform a job at this time" suggests a

limitation that Plaintiff could not work an eight hour day five days a week.  However, the ALJ's

interpretation of Dr. Josell's report that Plaintiff could perform work with the limitations the ALJ

identified is reasonable and is supported by substantial evidence.

*Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504 (6th Cir. 2010), the case on which Plaintiff

relies, is distinguishable.  *Ealy* found that an ALJ erred where he omitted from his hypothetical question to a vocational expert a specific limitation identified by a psychological consultant that a claimant could only sustain attention to complete simple repetitive tasks "for two-hour segments over an eight-hour day where speed was not critical."  *Id.* at 516.  Dr. Josell's statement that "[Plaintiff's] depressive and anxious symptoms would interfere with his ability to consistently and effectively perform a job at this time" does not remotely resemble the specific limitation in *Ealy.*  Indeed, Plaintiff himself does not articulate what limitation the ALJ should have conveyed to the vocational expert as a result of this statement by Dr. Josell.  Furthermore, Plaintiff's suggestion that Dr. Josell's statement that Plaintiff's "depressive and anxious symptoms would interfere with his ability to consistently and effectively perform a job at this time" precludes him from working is contradicted by Dr. Josell's next statement that Plaintiff "is trying to get more stabilized so that he may be able to complete his G.E.D. and then approach employment."

The ALJ's interpretation of Dr. Josell's opinion is a reasonable interpretation and is supported by substantial evidence.  The ALJ did not err in failing to give proper weight and consideration to the opinion of Dr. Josell.

Finally, Plaintiff objects to the Magistrate Judge's determination that the ALJ did not violate Social Security Ruling ("SSR") 06-3p in reviewing the testimony of Danielle Leone, Plaintiff's case manager at Pathways.  SSR 06-3p clarifies how the Commissioner is to consider opinions and other evidence from sources who are not "acceptable medical sources."  SSR 06-03P, 2006 WL 2329929 (S.S.A.).  In pertinent part, the ruling provides:

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given the opinion for these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

SSR 06-03P, 2006 WL 2329939 at *7.

The Magistrate Judge found that, although the ALJ misidentified Leone in his decision as Robin Krause and did not precisely state the weight he was giving her testimony, the ALJ did not violate SSR 06-03p because the ALJ discussed the most pertinent portions of Leone's testimony and the ALJ's decision as a whole is clear enough to allow the court to follow the ALJ's reasoning.  In particular, the ALJ's decision indicates that although Leone testified that Plaintiff was uncomfortable and anxious in social situations, other evidence demonstrates that Plaintiff's anxiety is not as limiting as Leone maintains.  Specifically, the ALJ's decision refers to evidence in the record that Plaintiff had previous employment that he lost for reasons completely unrelated to his mental impairments.  The ALJ also referred to evidence that Plaintiff's mental health providers encouraged him to look for work.  The other evidence is inconsistent with a finding that Plaintiff's mental condition completely prevents him from performing any substantial gainful activity.

The Court agrees with the Magistrate Judge that the ALJ's discussion of Leone's testimony in the context of his overall decision is sufficient to allow a claimant or subsequent reviewer to follow his reasoning.  Accordingly, the Court does not find the ALJ's treatment of Leone's testimony violative of SSR 06-03p.

### III.  Conclusion

For all the foregoing reasons, the Court finds no error in Magistrate Judge White's R&R

finding the ALJ's determination in the case supported by substantial evidence and

recommending that the decision of the Commissioner be affirmed.  The R&R is accepted, and

the reasoning and findings of the Magistrate Judge are incorporated herein.  For the reasons

stated above and those stated by the Magistrate Judge, the Commissioner's decision denying

Plaintiff's application for benefits is hereby affirmed.

IT IS SO ORDERED.


Date:  April 12, 2010                          */s/ John R. Adams*
                                               JOHN R. ADAMS
                                               United States District Judge